does border on harassment (especially when considering that these patents had already been subjected to a total of 3 *ex parte* Reexamination Proceedings) (emphasis in original).

Patent Owner fervently hopes no further waste of time on this worn-out and groundless issue should be necessary.

D. <u>Mischaracterization Of (And Errors In) The Campbell Patent</u>

The Petition is replete with inaccuracies and mischaracterizations of the invention that is claimed as a whole in the '988 Patent, to say nothing of the obfuscated references to the disclosure in Campbell. Such inaccuracies are too numerous to recount even in the 80 pages allotted to Patent Owner for Response to the Petition.

One of the first (and more obvious) examples of such inaccuracies and mischaracterizations in the Petition (and of the errors in Campbell) occurs on page 21 of the Petition in the guise of a claim chart titled "Exemplary Campbell Disclosures." Although the statement directly above it declares without support that "Campbell teaches each and every one of the limitations of claim 1," *<u>none of the limitations of claim 1 is compared in the chart</u>*. No justification is given for the "pick and choose" randomness of the claims in the chart, though it appears that Petitioner may not have had a choice since there are not many recitations in Campbell that could possibly be seen as being relevant to the

13